**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

**05-00001**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARTHA LAVARIAS AND WALTER LAVARIAS

**DEFENDANTS** UNITED STATES OF AMERICA, DUBIDATO SM CONLU, JR. dba K CLEANING SERVICES and JOHN DOE INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff  California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) Tel: 472-6895
Law Office of Robert L. Keogh
P.O. Box GZ, Hagatna, GU 96932

Attorneys (If Known) Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. §1346(b)

Brief description of cause: This is a Federal Tort Claims Act case for injuries to plaintiffs which occurred on United States government property.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** $1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE  1/10/05
SIGNATURE OF ATTORNEY OF RECORD  ROBERT L. KEOGH /s/

**RECEIVED JAN 10 2005**

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG.JUDGE _____

**DISTRICT COURT OF GUAM
HAGATNA, GUAM**

**ORIGINAL**

Case 1:05-cv-00001    Document 1    Filed 01/10/2005    Page 1 of 1



LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARTHA LAVARIAS, and WALTER LAVARIAS,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DUBIDATO SM CONLU, JR. dba K CLEANING SERVICES and JOHN DOE INSURANCE COMPANY,<br><br>    Defendants. | CIVIL CASE NO. CIV 05-00001<br><br>COMPLAINT |

## INTRODUCTION

1. This is a personal injury and loss of consortium action brought by plaintiffs as a result of plaintiff Martha Lavarias's slip and fall on premises of defendant United states of America that were negligently maintained by K Cleaning Services.

## JURISDICTION

2. This action arises under 48 U.S.C. §1424, as amended, 28 U.S.C. §1346(b) and 28 U.S.C. §1332.

## PARTIES

3. Plaintiffs Martha Lavarias and Walter Lavarias are husband and wife, adult individuals and are residents of California.

***ORIGINAL***

4. Defendant United States of America is the government of the United States of America.

5. Upon information and belief, defendant Dubidato SM Conlu, Jr. is an adult individual, resident of Guam and is doing business as K Cleaning Services as a sole proprietorship duly licensed to do business on Guam.

**FACTS**

6. At all relevant times herein, Defendant United States, through the Defense Commissary Agency, operated a shopping facility on Guam known as Orote Point Commissary. Defendant United States, in operating this facility, held it open to certain members of the public to which plaintiffs were included.

7. At all relevant times defendant K Cleaning Services through contract with the United States government, was responsible for cleaning and generally maintaining the Orote Point Commissary.

8. On June 23, 2003, the aisle in front of the cooking oil display at the Orote Point Commissary was not properly maintained and monitored for spills in a timely manner so as not to pose an unreasonable risk to patrons who were shopping therein.

9. On the same date and time, plaintiff Martha Lavarias was shopping at the Orote Point Commissary. Plaintiff Martha Lavarias was proceeding in a lawful, careful and prudent manner.

10. On the same date and time at the Orote Point Commissary, plaintiff Martha Lavarias stepped on a puddle of cooking oil and fell.

11. Defendants, jointly and severally, had a duty to keep the subject premises in a safe condition for persons using the premises.

12. Defendants breached their duty of care to plaintiffs by failing to properly monitor and maintain the subject premises so as to detect and remedy the spillage of cooking oil onto the floor where it was known patrons would walk, thus unreasonably exposing plaintiffs to the risk of injury.

13. As a direct and proximate result of the negligence of defendants described above, plaintiff Martha Lavarias sustained a fractured tibia with tendon and ligament damage.

14. On August 29, 2003, plaintiffs, by and through a special process server employed by their counsel, served a "Claim for

Damage, Injury or Death" form (Standard Form 95) on the Naval Legal Services Office in Agat, Guam.

15. Defendant United States of America has failed to finally dispose of the above-described claim within six months after its submission.

## CLAIMS FOR RELIEF

### PERSONAL INJURY

16. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 15 of the complaint herein.

17. As a direct and proximate result of the negligence of defendants, plaintiff Martha Lavarias has suffered and will suffer injuries described above, which have caused and will continue to cause severe pain and suffering.

18. As a further direct and proximate result of the negligence of defendants, plaintiff Martha Lavarias has incurred and will continue to incur medical and incidental expenses in an amount to be proven at trial.

/ / /

/ /

COMPLAINT
Lavarias v. USA, et al.
Page 5

### SECOND CLAIM - LOSS OF CONSORTIUM CLAIM

19. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 15 and 17 to 18 of the complaint herein.

20. As a direct and proximate result of the negligence of defendants and the resulting injuries to plaintiff Martha Lavarias, Plaintiff Walter Lavarias has been deprived and will continue to be deprived of the society, companionship, consortium and services usually provided by a spouse in good health and of unimpaired vigor and strength.

### THIRD CLAIM - DEFENDANT DOE INSURANCE COMPANY

21. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 15 and 17 through 18 and 20 of the Complaint herein.

22. At all relevant times herein, defendant K Cleaning Services was insured by a liability insurance policy issued by defendant Doe Insurance covering liability for claims such as those set forth above. Said insurance policy was in full force and effect at all relevant times herein.

23. Pursuant to the coverage contained in said insurance policy, and pursuant to 22 GCA §18305, plaintiffs are entitled to maintain

COMPLAINT
Lavarias v. USA, et al.
Page 6

a direct action against defendant Doe Insurance upon the terms and limits of the policy and, accordingly, plaintiffs are entitled to recover against Doe Insurance in an amount equal to any judgment recovered against defendant K Cleaning Services up to applicable policy limits.

**DEMAND FOR RELIEF**

**WHEREFORE,** plaintiffs pray Judgment be entered against defendants joint and severally as follows:

1. For general damages for the personal injury to plaintiff Martha Lavarias in the sum of $1,000,000.00;

2. For past and future medical expenses of plaintiff Martha Lavarias in an amount to be proven at trial and within the general damages amount prayed for above;

3. For the loss of consortium claim of plaintiff Walter Lavarias in an amount to be proven at trial and within the general damages amount prayed for above;

4. For costs of suit;

COMPLAINT
Lavarias v. USA, et al.
Page 7

5. For such other and further relief as the Court deems just and proper.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Plaintiffs

DATE: 1/10/05            By: _____
                              ROBERT L. KEOGH