KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
AGANA, GUAM 96910
TELEPHONE 477-7857

By THOMAS C. STERLING

Attorneys for   Defendant Dubidato S.M. Conlu, Jr.

FILED
DISTRICT COURT OF GUAM
JAN 24 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| MARTHA LAVARIAS, and WALTER LAVARIAS,<br><br>Plaintiffs,<br><br>UNITED STATES OF AMERICA, DUBIDATO SM CONLU, JR. dba K CLEANING SERVICES and JOHN DOE INSURANCE COMPANY,<br><br>Defendants. | CIVIL CASE NO. CV05-00001<br><br>**ANSWER OF DEFENDANT DUBIDATO S.M. CONLU, JR.** |

**COMES NOW** Defendant **DUBIDATO S.M. CONLU, JR.** (hereinafter "Defendant") and in answer to the Complaint herein admits, denies and alleges as follows:

1. Defendant admits the allegations contained in paragraphs 2, 4, 5, and 6.

2. In response to paragraph 1, Defendant admits only that this is a personal injury and loss of consortium action brought by the Plaintiff but Defendant denies generally and specifically each and every other allegation contained therein.

3. In response to paragraph 7, Defendant admits only that K Cleaning Services had a contract with the United States

Government for cleaning services in connection with the Orote Point Commissary. Defendant denies generally and specifically each and every other allegation contained in paragraph 7.

4. Defendant lacks sufficient information and belief to formulate a response to paragraphs 3, 9, 10, 14, and 15 and, basing his denial thereon, denies generally and specifically each and every allegation contained therein.

5. Defendant denies generally and specifically each and every allegation contained in paragraphs 8, 11, 12, and 13.

**FIRST CLAIM FOR RELIEF**

6. In response to paragraph 16, Defendant realleges and incorporates herein by this reference his response to paragraphs 1 through 15, inclusive.

7. Defendant denies generally and specifically each and every allegation contained in paragraphs 17 and 18.

**SECOND CLAIM FOR RELIEF**

8. In response to paragraph 19, Defendant realleges and incorporates herein by this reference his responses to paragraphs 1 through 15, inclusive, 17 and 18.

9. Defendant denies generally and specifically each and every allegation contained in paragraph 20.

//
//
//

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

### THIRD CLAIM FOR RELIEF

10. In response to paragraph 21, Defendant realleges and incorporates herein by this reference his responses to paragraphs 1 through 15, inclusive, 17, 18, and 20.

11. Defendant lacks sufficient information and belief to formulate a response to paragraphs 22 and 23 and, basing his denial thereon, denies generally and specifically each and every allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant is informed and believes and thereon alleges that the accident and damages alleged in the Complaint resulted solely and proximately from the negligent and careless conduct of Plaintiff Martha Lavarias and the amount of damages recoverable from this answering Defendant, if any, must be reduced in an amount commensurate to the percentage of causal negligence attributable to Martha Lavarias. The causal negligence attributable to Martha Lavarias is imputable to her husband, Walter Lavarias.

### THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that the accident and damages alleged in the Complaint resulted

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

- 3 -

solely and proximately from the negligent and careless conduct of Plaintiff Martha Lavarias and the percentage of causal negligence attributable to Mrs. Lavarias is equal to or greater than that, if any, attributable to this answering Defendant so that her claims are barred in their entirety. The causal negligence attributable to Martha Lavarias is imputable to her husband, Walter Lavarias.

**WHEREFORE**, Defendant **DUBIDATO S.M. CONLU, JR. dba K CLEANING SERVICES** prays judgment as follows:

1. That Plaintiffs take nothing by their Complaint;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

DATED: JANUARY 24, 2005    BY: _____
**THOMAS C. STERLING**
*Attorneys for Defendant Dubidato S.M. Conlu, Jr.*

E62\64006-22
G:\WORD97\OFFICE\WORDDOC\QBE INSURANCE\PLD\058-ANSWER RE LAVARIAS V USA & CONLU ET AL.DOC